[Civ. No. 1559. Fourth Appellate District.—December 6, 1935.]

B. B. CLAWSON, Respondent, v. C. W. HARRIS, Appellant.

W. E. Kalbfleisch for Appellant.

Leonard J. Difani for Respondent.

MARKS, J.—This is an action for damages for the conversion of personal property. The court gave plaintiff judgment in the sum of $520 and defendant has appealed.

The personal property consists of drying racks, an electric motor, an oil water pump, electric wiring and equipment, pulleys and sprockets, shafting, lumber, wrenches and belting used in the manufacture of tile and other clay products. While the answer of defendant, and the bill of exceptions are most inartistically drawn, it would seem that defendant's defense is based on the contention that as most of the property in question was securely attached to the realty, the items were fixtures and belonged to him as owner of the fee.

The real estate belonged to defendant, who by some agreement was selling it to J. R. Myers. Myers leased the realty to Corona Clay Products, Ltd., which the record shows was not a corporation. Plaintiff traces his title to Corona Clay Products, Ltd. Defendant acquired Myers' interest and claimed title to the personal property.

The lease from Myers to Corona Clay Products, Ltd., contains the following: "It is also understood and agreed by and between the above named parties that any machinery, fixtures or equipment of any kind or description, which Lessee may bring into, or install on said land, shall be considered as property of the Lessee, whether fixed to the ground, buildings, or otherwise, and said Lessee shall have the right to remove any machinery, fixtures or equipment which Lessee may install, or place upon said premises, at any time during the life of this lease, and shall have the right to remove any and all machinery, fixtures or equipment upon the termination of this lease at the end of the term specified, or upon the sooner termination thereof. If owned by the Lessees." On the bottom of the instrument the following appears: "I hereby accept and agree to the terms of said Lease. Dated this 25 day of January, 1932. C. W. Harris."

In 12 California Jurisprudence, page 566, it is said: "It is settled that an owner of land and a party affixing property thereto may enter into an agreement permitting its removal. Indeed, the parties themselves may, by express agreement, fix upon chattels annexed to realty whatever character they agree upon. Property which the law regards as fixtures may be by

them considered as personalty, and that which is considered in law as personalty they may regard as a fixture.''

The parties to the lease having agreed that the personal property should not become fixtures, and defendant having in writing agreed to this provision, he is bound by it.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.